**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

THOMAS DEWAYNE EDWARDS,           :
                                  :
           Petitioner          :
                                  :
      VS.                         :    7 : 09-CV-36 (HL)
                                  :
DONALD JACKSON, Warden,           :
                                  :
          Respondent.            :

_____

## ORDER AND RECOMMENDATION

Presently pending in this § 2254 action is the respondent's Motion to Dismiss the petition as untimely.  The respondent contends that the petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  The petition was filed on March 10, 2009.

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events.  Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review".   The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244 (d)(2).

The petitioner pled guilty to aggravated battery and cruelty to children in the Superior Court of Cook County in February 2000.  Petitioner was sentenced to ten (10 years on the aggravated battery charge, twenty (20) years on one count of cruelty to children, and twenty (20) years probation on the second count of cruelty to children.  The petitioner did not pursue a direct appeal or a state habeas petition.  In 2008, the petitioner began filing motions in the trial court challenging his Cook County convictions.  Petitioner filed this federal petition in March 2009.

A review of the record herein reveals that the filing of this federal habeas petition was clearly untimely, and that the tolling provision of § 2244(d)(2) does not protect the petitioner.
The petitioner did not file a direct appeal of his conviction, making it final on or about March 3, 2000, the date on which the 30-day period for filing a notice of appeal expired.  Pursuant to 28 U.S.C. § 2244(d), the petitioner had one year from March 3, 2000, in which to file this federal petition, or toll the limitations period by filing a state habeas petition.  The petitioner did not file any challenges to his convictions in the state court system until 2008 and this federal petition was not filed until March 2009.  Petitioner has not established the basis for equitable tolling herein.  "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Based on the petitioner's untimely filing of this federal petition, it is the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED**

and that this matter be dismissed with prejudice. (Doc. 12). It is further recommended that the petitioner's Motion for Summary Judgment be **DENIED**. (Doc. 17). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS of receipt thereof.

Petitioner's motions to appoint counsel and for evidentiary hearing are hereby **DENIED**. (Docs. 8, 21, 22). Georgia Department of Corrections Commissioner Brian Owens' Motion to Intervene, to reflect petitioner's proper custodian, is hereby **GRANTED**. (Doc. 13).

**SO ORDERED and RECOMMENDED**, this day 8th of January, 2010.


**S/G. MALLON FAIRCLOTH**
**UNITED STATES MAGISTRATE JUDGE**