**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **THOMAS D. EDWARDS,** | : | |
| Petitioner, | : | |
| v. | : | Civil Action No. 7:09-CV-36 (HL) |
| **BRIAN OWENS, Commissioner,** | : | |
| Respondent. | : | |

**ORDER**

The Recommendation of United States Magistrate Judge G. Mallon Faircloth, entered January 8, 2010 (Doc. 24), in the above-captioned case is before the Court. Petitioner, Thomas D. Edwards, has filed a written objection to the Recommendation, as permitted by 28 U.S.C. § 636(b)(1).

Magistrate Judge Faircloth recommends that Respondent's Motion to Dismiss Petition as Untimely (Doc. 12) be granted and Petitioner's § 2254 petition dismissed with prejudice, as the petition is untimely. He also recommends that Petitioner's Motion for Summary Judgment (Doc. 17) be denied. After *de novo* consideration of the portions of the Recommendation to which objection is made, the Court accepts the Recommendation.

A.  **PROCEDURAL HISTORY**

As the result of a guilty plea, Petitioner was convicted of one count of aggravated battery and two counts of cruelty to children in the Superior Court of Cook County on February 2, 2000. He was sentenced that same day to ten years

imprisonment on the aggravated battery charge, twenty years imprisonment on one cruelty to children charge, and twenty years probation on the second cruelty to children charge. Petitioner did not file a direct appeal of his conviction or a state habeas petition.

It was not until January 22, 2008 that Petitioner filed anything challenging his conviction, when he filed a motion for reconsideration and modification of an illegal sentence with the Superior Court of Cook County. In the motion for reconsideration, Petitioner alleged that the double jeopardy clause was violated and that his due process rights were violated. This filing was the first in a series submitted by Petitioner in 2008, each of which alleged similar legal errors - double jeopardy, ineffective assistance of counsel, abuse of discretion by the trial court, and breach of the plea agreement.[1]

**B.   ANALYSIS**

A state prisoner's right to seek review of his state conviction in federal court is governed by 28 U.S.C. § 2254, which provides federal courts with the authority to entertain "an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). 28 U.S.C. § 2244 places a one-year limitations period on the filing of a

---

[1] Specifically, Petitioner filed at least four motions for reconsideration and modification of a void and illegal sentence, one motion to compel the trial court to rule on his motions, one motion for writ of error coram nobis, and two petitions for writ of mandamus, all in 2008.

§ 2254 application. 28 U.S.C. § 2244(d)(1). This limitations period was put in place in 1996, with the enactment of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The limitations period for filing an application begins to run on the latest of, *inter alia*, "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time seeking such review," or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1).

While specifically limiting the filing period for § 2254 applications to one year, § 2244 allows for the tolling of this time period as follows: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Thus, while § 2244(d) is clearly intended to place an outside limit on the time within which a § 2254 application may be filed, the terms of the statute nevertheless manifest an intent to allow an applicant to exhaust his state post-conviction remedies before moving into federal court.

Since Petitioner did not file a direct appeal, his conviction became final on or about March 3, 2000, thirty days after his conviction. It is undisputed that Petitioner did not file a petition under § 2254 on or before March 3, 2001. His first petition, the one at issue here, was filed on March 19, 2009, some eight years after the one-year limitations period expired. Petitioner's petition is clearly time-barred.

**1.     Equitable Tolling**

In his objection, Petitioner does not dispute that his petition is untimely. Instead, he relies on the doctrine of equitable tolling to excuse him from the untimely filing.

A habeas petitioner seeking equitable tolling of the one-year limitations period bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005). Petitioner argues that he was faced with extraordinary circumstances, in that the Superior Court of Cook County would not rule on his post-conviction motions. The problem with Petitioner's argument, however, is that the one-year limitations period had expired long before he filed his first post-conviction motion. The filing in state court could not serve to toll a limitations period that had already expired, nor could it reset the one-year period for the filing of a § 2254 petition. *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). Whether the state court ruled on his motions or not is irrelevant.

Further, Petitioner does not meet the first prong of the equitable tolling test, as he has not established that he pursued his rights diligently in the eight years between his conviction and first post-conviction filing in the state court, or in the nine years between his conviction and this habeas petition.[2]

---

[2]Petitioner states in passing in his objection that he is entitled to equitable tolling because he does not have knowledge of the law, and that when he became "aware" of the injury to his rights in 2008, he immediately started filing motions with the trial court. The law

4

**2.     Illegal or Void Sentence**

To the extent Petitioner argues that the Court should consider his habeas petition, even though untimely, because his sentence is illegal or void, that argument fails. It is true that a Georgia court may resentence a defendant at any time when the sentence is void. Crumbley v. State, 261 Ga. 610, 409 S.E.2d 517 (1991). Petitioner's sentence, however, is not illegal or void.

Petitioner first argues that the lesser charges of cruelty to children should have merged with the more serious aggravated battery charge. The Georgia Supreme Court, in Waits v. State, 282 Ga. 1, 644 S.E.2d 127 (2007), rejected this argument. In determining that the crimes of aggravated battery and cruelty to children do not merge, even if the same conduct establishes the commission of both, the Supreme Court examined the applicable statutes:

> Cruelty to children, but not aggravated battery, requires proof that the victim was a child under the age of 18 who was caused cruel or excessive physical or mental pain. O.C.G.A. § 16-5-70(b). Aggravated battery, but not cruelty to children, requires proof that the victim was deprived of a member of his body, . . . or that such member was rendered useless or seriously disfigured. O.C.G.A. § 16-5-24(a); Miller v. State, 275 Ga. 730, 731-732(1), 571 S.E.2d 788 (2002). Therefore, each crime requires proof of at least one additional element which the other does not. Furthermore, the two crimes are not so closely related that multiple convictions are prohibited under other provisions

---

is clear that lack of legal training does not constitute exceptional circumstances so as to require equitable tolling. *See* Malone v. Oklahoma, 100 Fed. Appx. 795, 798 (10th Cir. 2004) (unpublished); Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000). Further, Petitioner has not presented the Court with any evidence to establish that he pursued his rights diligently between his sentencing in 2000 and the discovery of the allegedly void sentence in 2008.

5

> of O.C.G.A. §§ 16-1-6 and 16-1-7. Drinkard v. Walker,
> supra at 216, fn. 32, 636 S.E.2d 530.

Id. at 4-5.

Petitioner's argument that the aggravated battery and cruelty to children charges should have merged is without merit.

Petitioner also appears to argue that the two child cruelty charges should have merged because they are the same offenses derived from the same conduct. Petitioner was charged in count three of the indictment with cruelty to children in the first degree for maliciously causing a child under eighteen years of age cruel and excessive physical pain by biting the child about her body. He was charged in count four with cruelty to children in the first degree for maliciously causing a child under eighteen cruel and excessive physical pain by failing to provide the child with necessary medical care after she was bitten.

In Avila-Nunez v. State, 237 Ga. App. 649, 516 S.E.2d 335 (1999), the Georgia Court of Appeals was faced with an argument similar to the one made by Petitioner. The defendant was charged with two counts of cruelty to children. After she was convicted on both counts, the defendant argued on appeal that the two counts should be merged for sentencing purposes. The Court of Appeals held:

> Here, the factual predicate for Avila-Nunez's two counts differed. The first charged her with cruelty to children by causing the injuries. The second count was premised on her failure to seek medical treatment. The first charge was complete when the blows were struck. The second arose the following day when Avila-Nunez's failure to timely seek medical treatment despite her child's suffering had nearly fatal consequences. Under this evidence, two sequential but entirely different crimes were committed against the

6

>     same victim authorizing a conviction and sentence for each.

Id. at 340 (citations omitted).

The same reasoning is applicable here. The first charge against Petitioner was complete when he bit the child. The second arose when he failed to provide her with medical care. The trial court did not err in sentencing Petitioner on both cruelty to children charges, which means his sentence is not illegal or void.

**C.   CONCLUSION**

The Recommendation (Doc. 24) is adopted and made the order of this Court. Petitioner's objection is overruled. Respondent's Motion to Dismiss Petition as Untimely (Doc. 12) is granted. Petitioner's Motion for Summary Judgment (Doc. 17) is denied. Petitioner' § 2254 petition is dismissed with prejudice.

**SO ORDERED**, this the 11th day of February, 2010.

>                   *s/ Hugh Lawson*
>                   **HUGH LAWSON, SENIOR JUDGE**

mbh